SHARTSIS FRIESE LLP
ARTHUR J. SHARTSIS (BAR #51549)
MARY JO SHARTSIS (BAR #55194)
DAVID M. CATECHI (BAR #239287)
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 421-6500
Facsimile: (415) 421-2922
Email: ashartsis@sflaw.com
       mshartsis@sflaw.com
       dcatechi@sflaw.com

MORRISON & FOERSTER LLP
CEDRIC C. CHAO (Bar #76045)
MARIA CHEDID (Bar #187396)
425 Market Street
San Francisco, CA 94105-2482
Phone: (415) 268-7000
Facsimile: (415) 268-7522
Email: cchao@mofo.com
       mchedid@mofo.com

Attorneys for Applicant
MIKHAIL B. KHODORKOVSKY

**FILED**
AUG 3 0 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

☐ **ORIGINAL**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MMC

| | |
|---|---|
| MIKHAIL B. KHODORKOVSKY, <br><br> Applicant, <br><br> v. <br><br> CHEVRON CORPORATION, <br><br> Respondent. | Case No. <br><br> [~~PROPOSED~~] **ORDER GRANTING THIRD-PARTY DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782(a)** |

Copies Mailed to
Parties of Record

Case No.:                                    - 1 -
[PROPOSED] ORDER GRANTING THIRD-PARTY
DISCOVERY FOR USE IN A FOREIGN PROCEEDING

FOR GOOD CAUSE APPEARING, pursuant to 28 U.S.C. section 1782, the Court hereby grants Mikhail B. Khodorkovsky, the defendant in a pending criminal proceeding in Russia, leave to serve the proposed subpoenas for the production of documents on Chevron Corporation on or after the date of this order.

DATED: August 30, 2007

_____
U.S. DISTRICT COURT JUDGE
Magistrate

7481\001\DCATECHI\1455915.1

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MIKHAIL B. KHODORKOVSKY

**SUBPOENA IN A CIVIL CASE**

V.

CHEVRON CORPORATION

Case Number: [1]

C 07 80211 MISC.

MMC

TO: CHEVRON CORPORATION
6001 Bollinger Canyon Rd.
San Ramon, CA 94583   Tel. 925-842-1000

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Shartsis Friese LLP<br>One Maritime Plaza, 18th Fl. San Francisco, CA 94111 |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE EXHIBIT A

| PLACE | DATE AND TIME |
|---|---|
| Shartsis Friese LLP<br>One Maritime Plaza, 18th Fl. San Francisco, CA 94111 |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Plaintiff Mikhail B. Khodorkovsky |  |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
ARTHUR J. SHARTSIS, ESQ., Shartsis Friese LLP, One Maritime Plaza, 18th Fl. San Francisco, CA 94111 Tel. 415-421-6500

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A
## DEFINITIONS AND INSTRUCTIONS

As used herein, the following terms have the meaning set forth below:

1. The term "YUKOS" means and refers to Yukos Oil Company (or OAO NK Yukos) and includes all of its subsidiaries, officers, directors, agents, employees, shareholders, predecessors-in-interest, attorneys, consultants and any other person or entity acting on its behalf.

2. The term "CHEVRON" means and refers to Chevron Corporation, and includes its officers, directors, agents, employees, shareholders, predecessors-in-interest, attorneys, consultants, subsidiaries, and any other person or entity acting on its behalf.

3. "DUE DILIGENCE" means and refers to the investigative procedures that precede any potential acquisition or merger, the purpose of which are to enable the purchaser to gain sufficient familiarity with the target's affairs to assess the risks involved in the purchase.

4. The term "DOCUMENT" shall have the same meaning as the definitions of writings, recordings and photographs in Rule 1001 of the Federal Rules of Evidence and the description "documents" in Rule 34(a)(1) of the Federal Rules of Civil Procedure and includes, without limitation, the original or copy of handwriting, typewriting, printing, photostatting, and every means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, symbols, and includes all electronically stored material, whether stored or transmitted by e-mail, floppy disk, hard drive, CD-ROM, or any other electronic means.

5. The term "COMMUNICATION" means and refers to any transmission, transfer, conveyance or exchange of meaning or information, opinions, questions, or comments of any kind, in any manner, at any time or place and under any circumstances, whether by spoken or written language or other means of transmission or conveyance, including but not limited to, telephone conversations, discussions, letters and e-mail messages.

6. The phrases "REFERRING OR RELATING TO" or "REFER OR RELATE TO" mean and include constituting, concerning, alluding to, responding to, connected with, commenting on, referencing, regarding, discussing, involving, showing, describing, reflecting,

1  analyzing, evidencing or comprising.

2      7.    You are requested to produce all DOCUMENTS responsive to these document
3  REQUESTS that are in your possession, custody or control, pursuant to Federal Rule of Civil
4  Procedure 34, including DOCUMENTS currently in the custody of your agents and attorneys.

5      8.    If any DOCUMENT called for by these DOCUMENT REQUESTS was at one
6  time within your possession, custody or control, but is no longer within your possession, custody
7  or control, then as to each such DOCUMENT:

8      (a)    Identify each DOCUMENT by stating the type of DOCUMENT, its date,
9  author, recipients, recipients of copies and subject matter;

10      (b)    State the last time, place and date that YOU saw the DOCUMENT as well
11  as the identity of the person in possession of the DOCUMENT; and

12      (c)    State why the DOCUMENT left your possession and any knowledge or
13  information YOU have regarding the current location of the DOCUMENT or any copies of the
14  DOCUMENT.

15      9.    If there is any DOCUMENT responsive to these DOCUMENT REQUESTS that
16  the responding party contends is privileged or confidential and which is therefore or for any other
17  reason being withheld, you are hereby requested to provide the following information:

18      (a)    the name of the sender and author of the DOCUMENT;

19      (b)    the name of the person to whom the DOCUMENT or copies of the
20  DOCUMENT were sent;

21      (c)    the date on which such DOCUMENT was prepared or written and the date
22  on which it was transmitted;

23      (d)    a description of the subject matter of the DOCUMENT; and

24      (e)    the statute, rule or decision which is claimed to give rise to the privilege or
25  other reason for withholding the DOCUMENT.

26      10.    If YOU object to all or any portion of any category of DOCUMENTS called for by
27  these document requests, please produce all DOCUMENTS within each category to which
28  YOUR objections do not apply and please state whether any DOCUMENTS are being produced

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1  that are subject to the objection.

2  11.  YOU are requested to produce all DOCUMENTS as they are kept in the usual
3  course of business.

4  12.  The term "any" means "any and all." The term "all" has the same meaning. The
5  terms "and" and "or" shall be construed either conjunctively or disjunctively to bring within the
6  scope of these requests any information which might otherwise be construed outside their scope.

7  13.  The singular of any term shall include the plural, and the plural of any term shall
8  include the singular.

9  14.  When the DOCUMENT REQUESTS do not specifically ask for a particular
10 DOCUMENT but the DOCUMENT would help to make the production complete,
11 comprehensible or not misleading, please produce the DOCUMENT. Only non-identical copies
12 of a DOCUMENT are to be considered separate DOCUMENTS.

13 15.  Each itemized request that follows is to be construed independently and not
14 limited by reference to any other itemized request.

15 16.  Except when stated otherwise expressly, each itemized request calls for all
16 DOCUMENTS described, regardless of the time or date prepared.

17 17.  Except as otherwise set forth in specific DOCUMENT REQUESTS, the relevant
18 time period for the requested documents shall be January 1, 2000 to the present.

## TOPICS OF TESTIMONY

20 1.  Discussions between CHEVRON and YUKOS regarding the acquisition of an
21 equity interest in YUKOS by CHEVRON.

22 2.  Any analyses or conclusions with respect to the acquisition of an equity interest in
23 YUKOS by CHEVRON.

24 3.  Any DUE DILIGENCE performed by CHEVRON in connection with negotiations
25 for the acquisition of an equity interest in YUKOS by CHEVRON.

26 4.  DOCUMENTS requested of YUKOS by CHEVRON as part of any DUE
27 DILIGENCE review of YUKOS performed by CHEVRON.

28 5.  DOCUMENTS CHEVRON received from YUKOS in connection with any DUE

- 3 -
EXHIBIT A TO SUBPOENA FOR DEPOSITION
AND PRODUCTION OF DOCUMENTS

1 DILIGENCE review of YUKOS performed by CHEVRON

2     6. Final or draft reports, analyses or other DOCUMENTS prepared by CHEVRON,
3 its consultants or advisors, that REFER OR RELATE to the acquisition of an equity interest in
4 YUKOS by CHEVRON.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

All DOCUMENTS CHEVRON received from YUKOS in connection with any DUE DILIGENCE review of YUKOS performed by CHEVRON, including but not limited to any DUE DILIGENCE review performed in connection with negotiations for the acquisition of an equity interest in YUKOS by CHEVRON.

**DOCUMENT REQUEST NO. 2:**

All lists of DOCUMENTS requested of YUKOS by CHEVRON as part of any DUE DILIGENCE review of YUKOS performed by CHEVRON, including but not limited to any DUE DILIGENCE review performed in connection with negotiations for the acquisition of an equity interest in YUKOS by CHEVRON.

**DOCUMENT REQUEST NO. 3:**

All compilations, reports, analyses or other DOCUMENTS prepared by CHEVRON, its consultants or advisors, based upon any DOCUMENTS that CHEVRON received from YUKOS in connection with any DUE DILIGENCE review of YUKOS performed by CHEVRON, including but not limited to any DUE DILIGENCE performed in connection with negotiations for the acquisition of an equity interest in YUKOS by CHEVRON.

**DOCUMENT REQUEST NO. 4:**

All compilations, reports, analyses or other DOCUMENTS prepared by CHEVRON, its consultants or advisors, that REFER OR RELATE to the acquisition of an equity interest in YUKOS by CHEVRON.

**DOCUMENT REQUEST NO. 5:**

All DOCUMENTS that REFER OR RELATE to analyses or conclusions with respect to the acquisition of an equity interest in YUKOS by CHEVRON.

1  **DOCUMENT REQUEST NO. 6:**

2  All COMMUNICATIONS that REFER OR RELATE to the acquisition of an equity

3  interest in YUKOS by CHEVRON.

7481\001\GFARANO\1448687.1

- 5 -
EXHIBIT A TO SUBPOENA FOR DEPOSITION
AND PRODUCTION OF DOCUMENTS

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MIKHAIL B. KHODORKOVSKY,

    Applicant,

v.

CHEVRON CORPORATION,

    Respondent.

Case Number: C07-80211 MISC MMC (BZ)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 30, 2007, I SERVED a true and correct copy(ies) of the attached **ORDER GRANTING THIRD-PARTY DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782 (a)**, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Shartsis Friese LLP
Arthur J. Shartsis, Esq.
Mary Jo Shartsis, Esq.
David M. Catechi, Esq.
One Maritime Plaza, 18th Flr.
San Francisco, Ca 94111

Morrison & Foerster LLP
Cedric C. Chaoi, Esq.
Maria Chedid, Esq.
425 Market st.
San Francisco, CA 94105

Dated: August 30, 2007

Richard W. Wieking, Clerk
By: ~~Rose~~ Maher, Deputy Clerk