UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKHAIL B. KHODORKOVSKY, | No. C07-80211 MISC MMC (BZ) |
| Applicant, | **ORDER COMPELLING PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENA FOR THIRD PARTY DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782(a)** |
| v. | |
| CHEVRON CORPORATION, | |
| Respondent. | |

On August 29, 2007, Applicant Mikhail B. Khodorkovsky ("Khodorkovsky") filed an *Ex Parte* Application for an Order Granting Third-Party Discovery for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782(a), supported by a Memorandum of Law and several Declarations (collectively, the "Application"). By the Application, Khodorkovsky sought the issuance of a Subpoena, directed to third-party Chevron Corporation ("Chevron"), for the production of certain documents and information relating to Yukos Oil Company (or OAO NK Yukos) (hereinafter, "Yukos"), a Russian oil company.

1    The Application sought the production of evidence for use in a

2    foreign criminal proceeding pending against Khodorkovsky.

3    Khodorkovsky asserted in the Application that information and

4    documents that Chevron received as part of its due diligence

5    when it explored acquisition of an equity interest in Yukos in

6    2003 would be relevant to his defense of that proceeding.

7    Because this was a matter relating to discovery, The Honorable

8    Maxine M. Chesney referred the Application to this Court on

9    August 29, 2007.

10        After considering the *ex parte* Application and arguments

11   of Khodorkovsky's counsel, this Court entered an Order on

12   August 30, 2007 granting the issuance of the Subpoena sought

13   in the Application.  Although this was an *ex parte*

14   Application, the Court was mindful that the Order authorized

15   only the issuance of the Subpoena, and that Chevron's response

16   to the Subpoena once served would be governed by the Federal

17   Rules of Civil Procedure and the Local Rules of this Court.

18        Chevron was served with the Subpoena on or about

19   September 4, 2007.  Chevron timely notified counsel for

20   Khodorkovsky that it objected to the production of the

21   information sought by the Subpoena.  As they were required to

22   do under the Federal Rules and the Local Rules of this Court,

23   counsel for Chevron and Khodorkovsky thereafter engaged in

24   strenuous and extensive arguments concerning the Application,

25   the Subpoena, Chevron's objections and the procedures and

26   requirements of 28 U.S.C. § 1782(a).  Khodorkovsky thereafter

27

28

1    requested that this Court hold a hearing on the matter, and

2    enter an Order compelling production pursuant to the Subpoena.

3        On November 6, 2007, this Court conducted an in-chambers

4    hearing on the matter to consider arguments of counsel.

5    Khodorkovsky asserts that information reflecting the financial

6    condition and operations of Yukos is essential to his defense

7    of claims by the Russian Prosecutor General that Khodorkovsky

8    misappropriated over 350 million metric tons of oil from Yukos

9    and its three production subsidiaries (valued at over $30

10   billion), and laundered the proceeds.  Chevron, on the other

11   hand, objects to any production pursuant to the Subpoena on

12   numerous grounds, including relevance and undue burden, and

13   asserts that the Subpoena improperly seeks production of

14   confidential and/or proprietary business information and

15   information unrelated to the allegations in the criminal

16   proceeding.

17       Now, after due consideration of the Application, the

18   Subpoena and the arguments of counsel for the parties, **IT IS**

19   **HEREBY ORDERED** as follows:

20       1.   No later than November 9, 2007, Chevron shall

21   complete a reasonably diligent review for the following

22   documents which were obtained by Chevron in 2003 pursuant to

23   due diligence conducted on Yukos.

24       2.   On or before November 19, 2007, Chevron shall

25   produce the following categories of documents in its

26   possession, if any, that in the exercise of reasonable

27   diligence it has been able to locate by the date set forth in

28

1  paragraph 1:

2  　　　　(a)  Documents Chevron received from Yukos in

3  connection with Chevron's due diligence review of Yukos that

4  reflect the finances and/or operations of Yukos and/or its

5  subsidiaries;

6  　　　　(b)  Documents Chevron received from anyone acting

7  on behalf of Yukos in connection with Chevron's due diligence

8  review of Yukos that reflect the finances and/or operations of

9  Yukos and/or its subsidiaries;

10  　　　　(c)  Non-confidential and/or proprietary documents

11  Chevron received from third parties in connection with

12  Chevron's due diligence review of Yukos that reflect the

13  financial condition and/or operations of Yukos and/or its

14  subsidiaries;

15  　　　　(d)  Documents Chevron obtained from publicly

16  available sources during its due diligence review of Yukos

17  that reflect the finances and/or operations of Yukos and/or

18  its subsidiaries; and

19  　　　　(e)  Non-confidential and/or proprietary documents

20  prepared by or obtained from sources other than Chevron during

21  the due diligence review regarding Yukos' or Russian crude oil

22  exports, crude oil pricing, export duties, and wholesale

23  prices.

24  　　3.  If not covered by the foregoing categories of

25  documents, Chevron shall produce the following documents

26  relating to its due diligence review of Yukos, to the extent

27  such documents are in Chevron's possession, custody or

28

4

control, if any, that in the exercise of reasonable diligence
it has been able to locate by the date set forth in paragraph
1:

(a)   All production reports relating to Yukos and/or
Sibneft;

(b)   All reserve appraisal reports relating to Yukos
and/or Sibneft;

(c)   All monitoring data for Yukos and/or Sibneft
well output;

(d)   All audited and unaudited financial statements
of Yukos and/or Sibneft;

(e)   All Yukos management presentations concerning
Yukos' and/or Sibneft's production and/or performance;

(f)   All industry analyses of Yukos and/or Sibneft;

(g)   All Yukos documents related to CAPEX (capital
expenditure) and OPEX (operating expenditures).

4.   Not later than November 19, 2007, Chevron shall
certify its production pursuant to this Order.  The
certification shall be substantially in the form attached
hereto as Exhibit A.

5.   Each document produced by Chevron pursuant to this
Order shall bear the following legend: "This document is a
certified and authentic copy of an original document produced
pursuant to an Order of the United States Federal District
Court dated November 7, 2007".

6.   Chevron's production of documents and filing of its
Certification pursuant to this Order shall constitute

compliance with the Subpoena.

Dated: November 7, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\KHODORKOVSKY\ORDER COMPEL PRODUCTION OF DOCS.wpd

6